Electronically Filed
2/7/2022 4:29 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. C-0481-22-C _____

| | | |
|---|---|---|
| MARIA LOPEZ PENA, <br> PLAINTIFF | § § § | IN THE DISTRICT COURT |
| VS. | § § § | ____ JUDICIAL DISTRICT |
| WAL-MART STORES TEXAS, L.L.C., <br> D/B/A WAL-MART SUPER-CENTER <br> #3320 <br> DEFENDANT | § § § § § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR REQUIRED DISCLOSURE, AND RULE 193.7 NOTICE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **MARIA LOPEZ PENA,** hereinafter referred to by name or as Plaintiff, and complains of **WAL-MART STORES TEXAS, L.L.C., D/B/A WAL-MART SUPER-CENTER #3320,** hereinafter referred to by names or as Defendant, and for cause of action would respectfully show unto the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.  Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**
**PARTIES**

2.  Plaintiff **MARIA LOPEZ PENA** is an individual residing in Hidalgo County, Texas.

3.  Defendant **WAL-MART STORES TEXAS, L.L.C., D/B/A WAL-MART SUPER-CENTER #3320** is a foreign limited liability company authorized to do business in the State of Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

1

Electronically Filed
2/7/2022 4:29 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0481-22-C

## III.
## JURISDICTION & VENUE

**4.** This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant does business in the State of Texas.

**5.** Venue is proper in Hidalgo County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Hidalgo County, Texas.

## IV.
## FACTS

**6.** On or about June 25, 2020, Plaintiff **MARIA LOPEZ PENA** was a customer shopping at the Defendants' Wal-Mart Supercenter #3320 located at 215 E Mile 3 Rd, Palmhurst, TX 78573. As such, Plaintiff was a business invitee to whom Defendant owed a duty of care to protect her from unreasonably dangerous conditions on its property that it knows or should know about. As Plaintiff was checking out at register seven, a protective plexiglass barrier was not properly secured to the register and fell on Plaintiff causing severe injuries. The unreasonably dangerous condition caused by the improperly secured plexiglass barrier on Defendant's premises proximately caused Plaintiff's injuries and the need for her subsequent medical treatment.

**7.** Defendant breached the duty of care it owed to Plaintiff as a business invitee and was both negligent and grossly negligent in its failure to exercise ordinary care in making its premises free of unreasonably dangerous conditions. Defendant failed to safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of its existence. Plaintiff seeks all applicable damages available under Texas law.

Case 7:22-cv-00074 Document 1-2 Filed on 03/09/22 in TXSD Page 3 of 9

Electronically Filed
2/7/2022 4:29 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0481-22-C

8. The above-referenced acts and/or omissions by the Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

## V.
## CAUSES OF ACTION

*A.* *NEGLIGENCE*

9. On the occasion in question, the Defendant and its agents, servants, and employees were guilty of negligence towards the Plaintiff in the following respects:

   a. Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendants' premises;

   b. Failure to inspect the register area with plexiglass barrier and making sure it was properly secured;

   c. Creating a dangerous condition by improperly securing the plexiglass barrier at the register;

   d. Failing to remedy the dangerous condition it created;

   e. Failing to warn invitees, including the Plaintiff, that the plexiglass barrier at the register was improperly secured;

   f. Negligently maintaining the area with plexiglass barrier in question in such a way so as to constitute a negligent activity;

   g. Failing to warn invitees, including the Plaintiff, that there was a dangerous condition at the register which required extra care to be taken while checking out;

   i. Failing to remove the dangerous condition;

   h. Hiring, retaining, and/or entrusting an incompetent employee to properly secure the plexiglass barrier; and

Case 7:22-cv-00074 Document 1-2 Filed on 03/09/22 in TXSD Page 4 of 9

Electronically Filed
2/7/2022 4:29 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0481-22-C

j.  Failing to properly train and/or supervise the employee who installed the plexiglass barrier.

**10.** Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

**B.   PREMISES LIABILITY**

**11.** Pleading in the alternative, on or about June 25, 2020, Defendant **WAL-MART STORES TEXAS, L.L.C. D/B/A WAL-MART SUPERCENTER # 3320** were in possession of the premises located at 215 E Mile 3 Rd, Palmhurst, TX 78573, which forms the basis of this suit. The Plaintiff was an invitee on the premises, because she entered the Defendant's premises with Defendant's knowledge and for the economic benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. Defendants knew or should have known that the plexiglass barrier at the checkout had not been correctly secured, such that it created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas law.

**12.** Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate and damages.

**B.   RESPONDEAT SUPERIOR**

**13.** At all times material hereto, all of the agents, servants, and/or employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the

4

Case 7:22-cv-00074 Document 1-2 Filed on 03/09/22 in TXSD Page 5 of 9

Electronically Filed
2/7/2022 4:29 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0481-22-C

course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior*.

14. Each and all of the foregoing acts and or omissions of the agents, servants, and/or employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

*C. GROSS NEGLIGENCE*

15. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated. Specifically, Defendant did not safeguard premises as set forth hereinabove; further; **MARIA PENA** was injured because Defendants were negligent and grossly negligent in having:

   a) Creating the dangerous condition;

   b) Consciously knowing the extreme risk of harm posed by the dangerous condition; and

   c) Failing to remedy the dangerous condition despite its knowledge.

16. The acts and/or omissions by Defendants outlined in Paragraph 11-15 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were

Case 7:22-cv-00074   Document 1-2   Filed on 03/09/22 in TXSD   Page 6 of 9

Electronically Filed
2/7/2022 4:29 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0481-22-C

aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

**17.** The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES

**18.** As a direct result of the conduct of Defendant and its agents, servants, and employees, Plaintiff suffered severe injuries to her person and body generally. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for her entire life. Currently, Plaintiff seeks monetary relief over $1,000,000.00. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer serious personal injuries, and to incur the following damages:

    A. Medical care and expenses in the past;

    B. Medical care and expenses which Plaintiff will incur in the future;

    C. Physical pain in the past;

    D. Physical pain in the future;

    E. Physical impairment in the past;

    F. Physical impairment in the future;

    G. Mental anguish in the past;

    H. Mental anguish in the future;

    I. Disfigurement in the past; and

    J. Disfigurement in the future.

All damages are within the jurisdictional limits of the Court.

Case 7:22-cv-00074 Document 1-2 Filed on 03/09/22 in TXSD Page 7 of 9

Electronically Filed
2/7/2022 4:29 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0481-22-C

19. Plaintiff affirmatively pleads that he seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees. Plaintiff further seeks exemplary damages for Defendant's grossly negligent conduct.

## VII.
## INTEREST

20. Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

21. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

22. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose thirty (30) days after its first Answer the information and material described in each section of TEX. R. CIV. P.194.2.

## X.
## NOTICE OF SELF AUTHENTICATION

28. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

29. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer, and that on final trial, Plaintiff recover against Defendant her:

   a. actual damages in a sum in excess of the minimum jurisdictional limits of the Court;

C-0481-22-C

b. exemplary damages;

c. interest before and after judgment at the legal rate;

d. cost of suit;

e. attorney's fees if Plaintiff is required to prove up facts denied by Defendant(s) in response to requests for admission, if applicable; and

f. such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Gamez Law Firm

By: *Anthony "Tony" Garza-Vale*
JOE A. GAMEZ
Texas Bar No. 07607200
ANTHONY "TONY" GARZA-VALE
Texas Bar No. 24074260
Email: tony@jagamezlaw.com
1119 Fresno
San Antonio, Texas 78201
Tel. (210) 736-4040
Fax. (210) 734-0100

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marina Ramos on behalf of Joe Gamez
Bar No. 07607200
m.ramos@jagamezlaw.com
Envelope ID: 61516559
Status as of 2/7/2022 4:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marina Ramos | | m.ramos@jagamezlaw.com | 2/7/2022 4:29:02 PM | SENT |